United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-5377 SC |
| Plaintiff, | ORDER GRANTING MOTION <u>FOR DEFAULT JUDGMENT</u> |
| v. |  |
| APPROXIMATELY $28,000 IN UNITED STATES CURRENCY, |  |
| Defendant. |  |

## I.   **INTRODUCTION**

On February 23, 2010, Plaintiff United States of America ("Plaintiff") filed a Motion for Default Judgment in this <u>in rem</u> action.  Docket No. 9 ("Motion").  The Clerk entered Default on February 19, 2010.  Docket No. 8.  No opposition to the Motion has been filed.  The matter is appropriate for decision without oral argument.  For the reasons stated herein, the Court GRANTS Plaintiff's Motion.

## II.   **BACKGROUND**

On or about March 31, 2009, two Drug Enforcement Administration ("DEA") Task Force Agents were working parcel interdiction at the Federal Express (FedEx) facility in South San Francisco, when they came across a damaged FedEx box.  Docket No. 1 ("Compl.") ¶ 8.  The parcel contained $28,000 in U.S. currency,

**United States District Court**
For the Northern District of California

comprised primarily of $20 and $10 denominations. Id. ¶ 12. The currency was rubber-banded into bundles and vacuum heat-sealed inside of two foodsaver plastic bags. Id. ¶ 9. The airbill on the FedEx box listed David Kincaid ("Kincaid"), with an address in Alexandria, Virginia, as the sender, and Jason Chin ("Chin"), with an address in Daly City, California, as the recipient. Id. ¶ 10.

The DEA agents took custody of the parcel and transported it to their office at the San Francisco International Airport. Id. ¶ 11. A narcotics detection dog reacted to the parcel, indicating that an odor of narcotics was emanating from it. Id. At the time the parcel was discovered, the recipient, Chin, was on probation and had a felony drug conviction. Id. ¶ 13.

When contacted by the DEA agents, Chin initially advised them that the package contained a book. Id. He later explained that the money was to pay for purchase of his 2001 Ford F-150 Harley Davidson edition truck. Id. ¶ 14. Kincaid offered the same explanation. Id. ¶ 15. The Kelley Blue Book value of the truck is between $17,000 and $19,300. Id. ¶ 16. Although Kincaid is from the Bay Area, he told the agents he was in Virginia on business. Id. ¶ 15. Chin told agents he was currently unemployed, and the California Employment Development Department showed no employment records for Kincaid over the past two years. Id. ¶¶ 14, 17.

III. **LEGAL STANDARD**

"All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance . . . [and] all

2

proceeds traceable to such an exchange, and all moneys . . . used

or intended to be used to facilitate any" narcotics transaction,

are subject to forfeiture to the United States.  21 U.S.C.

§ 881(a)(6).  Seizures must be made pursuant to a warrant, except

that a seizure may be made without a warrant if:

>              (A) a complaint for forfeiture has been filed in
>              the United States district court and the court
>              issued an arrest warrant in rem pursuant to the
>              Supplemental Rules for Certain Admiralty and
>              Maritime Claims;
>              (B) there is probable cause to believe that the
>              property is subject to forfeiture and--
>              (i) the seizure is made pursuant to a lawful
>              arrest or search; or
>              (ii) another exception to the Fourth Amendment
>              warrant requirement would apply; or
>              (C) the property was lawfully seized by a State
>              or local law enforcement agency and transferred
>              to a Federal agency.

18 U.S.C. § 981(b)(2).  In addition to the Supplemental Rules,[1]

Plaintiff must also comply with the Admiralty and Maritime Local

Rules for the Northern District of California.  See Admir. L.R.

1-2 ("These admiralty local rules apply only to civil proceedings

that are governed by the Supplemental Rules . .. [including]

statutory . . . forfeiture proceedings analogous to maritime

actions in rem.")(italics in original).  Where the Government

seeks forfeiture of currency, the Court should determine whether

plaintiff has met the specific procedural requirements governing

---

[1] Although both 18 U.S.C. § 981(b)(2) and the Northern District's Local Admiralty Rules refers to the Supplemental Rules as "the Supplemental Rules for Certain Admiralty and Maritime Claims," the 2010 edition of the Federal Rules of Civil Procedure refers to them as the "Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions."  The Local Admiralty Rules cite to the Supplemental Rules using the abbreviation "FRCivP Supp" and this Court will do so as well.

United States District Court
For the Northern District of California

forfeiture actions.  <u>United States v. Approximately $72,000 in</u>
<u>U.S. Currency</u>, No. 08-1305, 2009 WL 506866, at *3-4 (N.D. Cal.
Feb. 27 2009).

After entry of default, the Court may enter a default
judgment.  Fed. R. Civ. P. 55(b)(2).  The Court's decision whether
to enter a default judgment, while "discretionary," <u>Aldaba v.</u>
<u>Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several
factors.  If the court determines service of process was
sufficient, the court may consider:

> (1) the possibility of prejudice to the
> plaintiff, (2) the merits of plaintiff's
> substantive claim, (3) the sufficiency of the
> complaint, (4) the sum of money at stake in the
> action, (5) the possibility of a dispute
> concerning material facts, (6) whether the
> default was due to excusable neglect, and (7)
> the strong policy underlying the Federal Rules
> of Civil Procedure favoring decisions on the
> merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "The
general rule of law is that upon default the factual allegations
of the complaint, except those relating to the amount of damages,
will be taken as true." <u>Geddes v. United Fin. Group</u>, 559 F.2d
557, 560 (9th Cir. 1977).

**IV.  <u>DISCUSSION</u>**

**A.  <u>The Supplemental Rules</u>**

A forfeiture action <u>in rem</u> arising from a federal statute is
governed by Rule G of the Supplemental Rules.  <u>See</u> FRCivP Supp
G(1).  The plaintiff must file a verified complaint that states
the grounds for jurisdiction and venue, that describes the

4

**United States District Court**
For the Northern District of California

property being forfeited, that identifies the statute under which
the forfeiture action is brought, and that includes sufficient
factual detail to support a reasonable belief that the government
will be able to meet its burden of proof at trial. _Id._ G(2)(a)-
(f). The clerk must issue a warrant to arrest the property if it
is in the government's possession, custody, or control. _Id._
G(3)(b)(i). The government must publish notice of the action
which, among other requirements, must state the time to file a
claim and answer. _Id._ G(4)(a)(ii)(B). One means of notice by
publication is posting a notice on an official internet government
forfeiture site for at least thirty consecutive days. _Id._
G(4)(a)(iv)(C). The government must also send notice of the
action to any person who reasonably appears to be a potential
claimant. _Id._ G(4)(b)(i). "Notice to a person from whom property
was seized who is not incarcerated when notice is sent may be sent
to the last address that person gave to the agency that seized the
property." _Id._ G(4)(b)(iii)(E).

   **B.   The Admiralty Local Rules**

      A party seeking a default judgment in an action _in rem_ must
show that due notice of the action and arrest has been given
"[i]n actions subject to FRCivP Supp G: (i) Through execution of
process in accordance with FRCivP Supp G(3); and (ii)  In
accordance with FRCivP Supp G(4)." Admir. L.R. 6-1(a)(1).
Persons with recorded interests must be notified in accordance
with FRCivP Supp G(4). _Id._ 6-1(b)(1). Before the Court can enter
a default judgment, the government must show that "(1) Notice has
been given as required by Admir. L.R. 6-1(a)(1)and (b)(1); ( 2) No

1   one has filed timely and responsive pleadings pursuant to

2   the requirements of FRCivP Supp G(5)."  Id. 6-2(a).

3        C.   **Compliance with the Rules**

4        Here, Plaintiff filed a verified Complaint for forfeiture

5   that states the Court has jurisdiction under 28 U.S.C. §§ 1345 and

6   1355(a).  Compl. ¶ 1.  28 U.S.C. § 1345 vests district courts with

7   original jurisdiction of "all civil actions, suits or proceedings

8   commenced by the United States."  28 U.S.C. § 1355(a) vests

9   district courts with original jurisdiction in "any action or

10  proceeding for the . . . enforcement of any . . . forfeiture . . .

11  incurred under any Act of Congress."  Venue in the Northern

12  District of California is proper because the money was seized in

13  San Mateo County.  Compl. ¶ 3.

14       This action is being brought under 18 U.S.C. § 881(a)(6),

15  which provides for forfeiture of money furnished or intended to be

16  furnished in exchange for a controlled substance, or traceable to

17  such an exchange, or used to facilitate a narcotics transaction.

18  Id. ¶ 1.  The Complaint contains sufficient factual detail to

19  support a determination that the $28,000 was traceable to, or used

20  to facilitate, a narcotics transaction because: (1) a narcotics

21  detection dog reacted to the parcel, id. ¶ 11; (2) the parcel's

22  packaging indicated that efforts were made to conceal its

23  contents, id. ¶ 9; (3) the parcel's intended recipient, Chin, was

24  on probation and had a felony drug conviction, id. ¶ 13; (4)

25  Chin's explanation that the money was for the sale of a truck was

26  not plausible, id. ¶¶ 14, 16; and (5) there were no employment

27  records for the parcel's sender in the preceding two years, id.

28
                                    6

United States District Court
For the Northern District of California

¶ 17.  Also, the money was packaged in small denominations, id ¶ 12, which is consistent with criminal activity.  See United States v. Approximately $17,872 In U.S. Currency, No. 08-3346, 2009 WL 2990496, at *3 (N.D. Cal. Sept. 11, 2009) (use of small denominations contributes to finding of probable cause that money connected to illegal activity).  Based on these factual allegations in the Complaint, there is probable cause to believe that the money is subject to forfeiture.  See 18 U.S.C. § 981(b)(2)(B).

The Court issued an arrest warrant on November 19, 2009.  See Docket No. 13 ("Warrant of Arrest").  Notice of the forfeiture was posted on an official government internet website, www.forfeiture.gov, for at least thirty consecutive days, beginning November 18, 2009.  See Docket No. 5 ("Decl. of Publication").  The United States gave notice to all known parties who might have an interest in the money, including Chin, Kincaid, and legal counsel, Nina Wilder.  See Docket Nos. 4 ("Certificate of Service"), 7 ("Am. Req. to Clerk to Enter Default").  Despite providing proper notice, no one has appeared to file a claim or answer, and the time for a responsive filing has expired.  Mot. at 3.  Also, no one has filed an opposition to this motion for default judgment.  Id.

**D.   Compliance with the Eitel Factors**

Accepting the allegations in the Complaint as true, the Court finds that the Eitel factors favor default judgment.  If the Court were to refuse to grant default judgment, Plaintiff would be prejudiced -- the Government would have to expend further time and

7

United States District Court
For the Northern District of California

effort in an action that has no opposing party. Plaintiff's claim that the money is traceable to, or was used to facilitate, a narcotics transaction, has merit. Plaintiff provided adequate notice to interested parties, as required by the supplemental and local rules. The sum of money at stake, $28,000, though not insubstantial, is not large enough to warrant denial of the motion. See United States v. Approximately $72,000 in U.S. Currency, 2009 WL 506866, at *4 (finding $72,000 not large enough to warrant denial of motion for default judgment). No claim or answer has been filed, and there is no evidence to suggest excusable neglect on the part of any potential claimant. Although it is preferable to decide a case on the merits, when there is no opposing party, a decision on the merits is "impractical, if not impossible." United States v. Approximately $17,872 In U.S. Currency, 2009 WL 2990496, at *4 (quoting PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

///
///
///
///
///
///
///
///
///
///
///

United States District Court
For the Northern District of California

**V.    CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Default Judgment.  Defendant Approximately $28,000 in United States Currency is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).  All right, title, and interest in said currency is vested in the United States of America.


IT IS SO ORDERED.


Dated: April 5, 2010



UNITED STATES DISTRICT JUDGE

9